UNITED STATES DISTRICT COURT
NORTHERN DIVISION IN THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) NO.Cr-09-00611-ELH |
| v. | ) |
| | ) MOTION TO VOID JUDGMENT |
| RYAN HOLNESS | ) PURSUANT TO FED.R.CIV.P. 12(h)(3) |
| | ) |

COMES NOW, The Movant, Ryan Holness (hereinafter "Holness", "movant, and/or "Defendant"). Proceeding in this matter, Pro-Se, and respectfully requests that this Honorable Court grant his Motion to Void this judgment entered against him on 03/28/2011 and 06/09/2011.

### PRO-SE STANDARD OF REVIEW

Holness's pleadings are entitled to a liberal construction, because he is a pro-se litigant. Erickson v. Pardus, 551, US 89, 94, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007), Haines v. Kerner, 404 US 519, 92, S.Ct 594, 30 L.Ed.2d 652 (1972), Estelle v. Gamble, 429 US 97, 97 S.Ct 594, 50 L.Ed.2d 251 (1976). When a federal district court is charged with liberally construing a complaint filed by a pro-se lititgant to allow the development of a potentially meritorious claim. Hughes v. Rowe, 449 US 5, 9, 101 S.Ct 173, 66 L.Ed.2d 163 (1980)Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)

### RULE 12(h)(3) STANDARD OF REVIEW

The Federal Rules of Civil Procedure provides that if at any time the court determines that it lacks jurisdiction, the court must dismiss the action or judgment pursuant to Fed.R.Civ.P 12(h)(3), without regard to the positions of the parties. Also the court may act on its own initiative when it lacks jurisdiction,

regardless of whether a party to the case raised this claim. See INS. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 US 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), Arbaugh v. Y&H Corp. 546 US 500, 506 126 S.Ct 1235, 163 L.Ed.2d 1097 (2006), Kontrick v. Ryan, 540 US 443, 455, 124 S.Ct 906, 157 L.Ed.2d 867 (2004). The court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from a party. When the court establishes that it does not have subject matter jurisdiction, it "must dismiss the complaint in its entirety." See also, Plyer v. Moore, 129 F.3d.2d 731 n.6 (4th Cir. 1997), North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (1990).

Holness avers a facial challenge to the personal jurisdiction made in the governments complaint against him. The allegations are simply not true under the statute of the complaint. Therefore this personal jursidiction issue is straight forward and presents no complex questions. As Holness will later demonstrate in this motion, allowing this judgment to stand will constitute a manifest abuse of authority that would substantially infringe on the authority of another government agency to act, such as USCIS, ICE and BIA.

The United States Constitution requirements limit the jurisdiction of the federal court system. The U.S. Constitution Article III § 2 to fall within the constitution imposed on jurisdiction. As in the case of Holness there were no federal nexus to confer jurisdiction upon the federal court in the District of Maryland under the statute of which the complaint

was brought and Holness certainly did not waive personal jurisdiction to the federal court at anytime. The factual allegations simply must be enough to raise above the speculative level. The mere possibility that a defendant has acted unlawfully is insufficient to bring an indictment thus giving the court jurisdiction. The material facts in this case are indisputable, that the court lacks jurisdiction over Holness. When a court is without jurisdiction, the only remaining function to the court is that of announcing the fact and dismiss the case. See, Steel Co. v. Citizens For A Better Env't, 523 US 83, 118 S.ct 1003, 140 L.Ed.2d 210 (1998). The district courts of the United States of America are of limited jurisdiction and posses only that power authorized by the Federal Constitution and Federal Statutes. Therefore without a valid federal nexus this indictment and judgment against Holness is fundamentally flawed and is in jurisdictional defect. The judgment against Holness is void because the court lacks personal jurisdiction, because the requirement of the statue of 18 U.S.C. § 2261 had not been met. Thus leaving the court without the power to excercise personal jurisdiction over him.

### LACK OF SUBJECT MATTER PERSONAL JURISDICTION PURSUANT TO RULE 12(h)(3)

1. Holness moves this Honorable Court to dismiss his indictment for lack of subject matter and personal jurisdiction on the grounds that the personal jurisdiction required to indict Holness never attached to him. The government had never acquired jurisdiction and thus any conviction and judgment are void. Under the color of law, the prosecutors

sought and produced several indictments against Holness by deliberate misrepresentation of Holness's marriage which was a sham marraige for the purpose of obtaining a greencard for the victim in this case. According to the laws of the United States of America a sham marriage is a marriage in which a citizen of the United States marries a foreign national to become a permanent resident. " (See Black's Law Dictionary). The law also states that such a marriage is void from its inception. See 8 C.F.R. 204.2(a)(1)(ii), See Ramirez-Sanchez, 171 & N.Dec. 503 (BIA 1980), see also Exhibits E,F,H,I,K,K-1,M, N, O, Q, T, V, W and Y. The statute under which Holness was indicted, 18 U.S.C. § 2261 expressly requires that there be a valid marriage, or some sort of romantic relationship between the defendant and the victim, whether in the past or present at the time the incident took place. Absent this fact the proscribed conduct does not violate 18 U.S.C. § 2261 and therefore there is no jurisdiction.

2. The record seems to reflect that the government had knowledge before hand of the fact that Holness and victim were close relatives and they were never in any sort of romantic relationship at anytime. There were no evidence other than that of two people pretending to be married, for the purposes of evading immigration laws. This fact constitutes a fraudulent marriage void from its inception. Thus making the indictment void for 18 U.S.C. § 2261, because the requisite nexus that the government used to indict Holness

(4)

was an illegal contract of a sham marriage. According to 'Black's Law Dictionary'... is no contract at all, so the phrase is a misnomer. Therefore, personal jurisdiction never attached to the court for the purposes of 18 U.S.C. § 2261. See Exhibit (Z). This legal insufficiency of the indictment, renders the court lack of personal jurisdiction requiring the court to dismiss the indictment against Holness. Rule 12(h)(3) instructs that whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of a person or matter, the court shall dismiss the action.

3. This action against Holness was brought in an attempt to circumvent Holness's constitutional rights. This amounts to a vindictive prosecution. The government prosecutors brought this indictment at the discretion of their ownselves, to vindicate the State of Maryland, by selectively prosecuting Holness. Holness is the only defendant that research could find that was prosecuted by the government under 18 U.S.C.§ 2261 based on a sham marriage. While simultaneously the government prosecutes defendants all over the United States of America for the same conduct as Holness's marriage fraud. This selective prosecution violates the Equal Protection Clause of the Fourteenth Amendment. This prosecutorial misconduct is egregious in the sense that the government knew they did not have jurisdiction over Holness. See Exhibit (A)'.

4. When it comes to the issue of jurisdiction the matter is straight forward and is not complex at all. It is either a court has jurisdiction or it does not. This jurisdictional element is part of the nexus of 18 U.S.C. § 2261, it must be proved in time, causation and logic. A jurisdictional element such as the primary nexus in interstate domestic violence is the hook that requires the proof for this statute. This proof of a valid marriage is a jurisdictional element. The element of the offense merges with the constitutional requirement. It is clear in the case of Holness that the government lacked the jurisdictional element required to ensure 18 U.S.C. § 2261 was properly and constitutionally applied to him. A judgment is only valid when the court has jurisdiction. The judgment against Holness is void because the court lacked personal jurisdiction from the start. See U.S. Student Aid Funds, Inc. v. Espinosa at S.Ct (2010)

5. It is unconstitutional that Holness must disprove this element of an invalid marriage of the statute of 18 U.S.C. § 2261, See Mullaney v. Wilbur, 421 US 684, 44 L.Ed.2d 508, 95 S.Ct. 1881 (1995). A judgment entered against a defendant over whom the court does not have jurisdiction is void. This failure of the government to do so deprives the court of personal jurisdiction over defendant. See Flores v. Environmental Trust Solutions Inc., et al, 2018 U.S. Dist LEXIS 32136 (D.Md 2018). Personal jurisdiction is a requirement of the function of the individual liberty interest. See Ruhrgas AG, v. Martathon Oil Company, Et Al, 526 US 574, 143 L.Ed.2d 760 119 S.Ct. 1563 (1999).

Because the government prosecutors violated their authority under the color of law by indicting Holness under a statute that was unconstitutionally applied to him, because the government lacked the personal jurisdictional element to even bring Holness's conduct before a federal grand jury. Absent such a jurisdictional element, his judgment is null and void and put the court in excess of jurisction. Holness's marriage to the victim was a fraudulent one for the purpose of obtaining a greencard in violation of the laws of the United States of America. A marriage such as this offends public policy and are void Ab Initio, it is as if they were neunques accouple. Thus making it factually and legally impossible for him to commit interstate domestic violence in the first place. Allowing this judgment to stand would amount to a substantial miscarriage of justice. See, the United States Constitution, Article III § 2 clause 1.

## CONCLUSION

The United States Constitution Law, procedural due process imposes constraints on governmental decisions which deprive an individual of liberty or property interests within the meaning of due process clause of the Fifth and Foureenth Amendments. See Mathews v. Elderidge, 424 U.S. 319, 332, 96 S.Ct 893, 47 L.Ed.2d 18 (1976)'.

Due process, unlike some legal rules, is not a technical conception and calls for such procedural protections against any one or any court that violate them, as in this particular situation. See Morrissey v. Brewer, 408 US 471, 481, 33 L.Ed.2d 484, 92 S.Ct 2593 (1972)'.

Under the due process clause of the Fifth Amendment, no person may be deprived of life, liberty or property, without due process of law. This guarantee has a procedural, as well as, a substantive component. See Cnty. of Sacramento v. Lewis, 523 US 833, 856, 118 S.Ct 1708, L.Ed.2d 1083 (1998), Martin v. St. Mary's Dep't of Soc. Servs., 346 F.3d 502, 511 (4th Cir. 2003). Procedural due process ensures that the government employs fair procedures when it seeks to deprive an individual of liberty or property and because personal jurisdiction requirement is a function of the individual liberty interest. The focus for protecting personal jurisdictional individual liberty interest and avoiding the burdens of proving the elements, is a violation of due process doctrine. See, Ruhgas AG v. Marathon Oil Co., 526 US 574, 578, 119 S.Ct 1563, 143 L.Ed.2d 760 (1999).

Personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication. The validity of a judgment of a federal court depends upon the court having jurisdiction even both the subject matter and the party in this case, Holness. See Employers Reinsurance Corp. v. Bryant, 299 US 374, 382, 57 S.Ct 273, 81 L.Ed 289 (1937), Constantine v. Rectors & Visitors of George Mason Univ., 441 F.3d 474, 480 (4th Cir. 2005). The Fifth Amendment assures more than a fair process. The substantive due process forbids the government to infringe upon certain fundamental liberty interests at all, no matter what. See Washington v. Glucksberg, 521 US 702, 117

(8)

S.Ct 2302, 138 L.Ed.2d 772 (1997), Reno v. Flores, 507 US 292, 301-02, 113 S.Ct. 1439 123 L.Ed.2d 1 (1993). Due process is not confined to anyone portion of the Constitution, due process consideration underlie all of the criminal related provisions of the Bill of Rights. Due process embodies both the defendant's procedural and substantive rights. The Supreme Court has held that the Fifth Amendment implicitly guarantees the right to equal treatment enshrined in the Fourteenth Amendment. Thus, courts apply fourteenth amendment to equal protection claims brought against the government. This equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment. See Bolling v. Sharpe, 347, US 497, 74, S.Ct. 693, 98 L.Ed 884 (1954), United States v. Windsor, 570 US 744, 774, 133 S.Ct. 2675, 186, L.Ed.2d 808 (2013), Buckley v. Valeo, 424 US. 1, 93, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) and Sessions v. Morales-Santana, 582 US 47, 52 n.1, 137 S.Ct 1678, 198 L.Ed.2d 150 (2017).

The significance here is that federal courts are without power to entertain or adjudicate cases that are not within their jurisdiction. These fundamental due process rights can not be trampled upon by the government. Judgments entered against a defendant over whom the court does not have personal jurisdiction is void. This failure to obtain proper jurisdiction over Holness deprives the court of personal jurisdiction over him. See Flores v. Env't Trust Solutions, Inc., Et. Al, 2018 US Dist. LEXIS 82186 (D.Md. 2018). Therefore, Holness, pursuant to Fed.R.Civ.P 12(h)(3), moves this court to void

and dismiss this judgment against him for lack of personal jurisdiction, due process demands it.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 20, 2023, the foregoing motion to set aside judgment, was served upon the United States Attorney for the District of Maryland, via U.S. Mail and pre-paid.

Ryan Holness, Pro-Se

*(signature)*